[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 12, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11486
Non-Argument Calendar
_____

D. C. Docket No. 06-00431-CV-T-24-TBM

USA FLEA MARKET, LLC,
a Florida limited liability company,

Plaintiff-Appellant,

versus

EVMC REAL ESTATE CONSULTANTS, INC.,
a California corporation,

Defendant-Appellee,

EMERALD TITLE INSURANCE AGENCY, INC.,
a Michigan corporation,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 12, 2007)**

Before ANDERSON, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

USA Flea Market, LLC appeals the summary judgment on its breach of contract claim against EVMC Real Estate Consultants, Inc., and the decision of the district court to vacate the entry of default against EVMC. Because a genuine issue of material fact exists regarding whether the contract terminated, we reverse the summary judgment. We affirm the decision of the district court to vacate the entry of default.

## I. BACKGROUND

On August 11, 2005, USA Flea Market and EVMC entered a written contract for the sale of real property. The contract specified a $12,325,000 purchase price and required EVMC, the buyer, to tender $500,000 as earnest money for deposit with an escrow agent, Emerald Title Insurance Agency, Inc.

On November 14, 2005, EVMC failed to appear at the scheduled closing. On that date, USA Flea Market sent a notice of default to EVMC and a copy of the notice to Emerald Title. When EVMC did not cure the default within the time period specified in the contract, USA Flea Market served both Emerald Title and EVMC with a demand for payment of the earnest money deposit.

When the earnest money was not tendered, USA Flea Market commenced

this action against EVMC and Emerald Title. USA Flea Market alleged EVMC breached the contract by failing to tender the escrow deposit or order Emerald Title to release the deposit. USA Flea Market alleged that Emerald Title breached its fiduciary duty to USA Flea Market and falsely represented to USA Flea Market that it had received the escrow deposit. After service of the complaint, EVMC moved the district court for an extension of time to answer to "[c]omplete reorganization and to [r]etain [l]ocal [c]ounsel." The motion was denied.

USA Flea Market filed an amended complaint. More than a month passed without an answer by EVMC and upon USA Flea Market's motion, the clerk entered a default. More than two months later, EVMC moved to set aside the default. Over an objection by USA Flea Market, the district court vacated the entry of default.

EVMC moved to dismiss the complaint for failure to state a claim or, in the alternative, for summary judgment. EVMC argued that, because USA Flea Market failed to comply with its contractual agreement to mediate disagreements before commencing litigation, the breach of contract claim failed as a matter of law. EVMC relied on paragraph 13 of the contract, which required the parties first to mediate disputes:

> 13. RESOLUTION OF DISPUTES. All claims, disputes or controversies arising out of, or in connection with, or in relation to

3

this Contract, shall initially be submitted to mediation in Pinellas County, Florida. . . . If a dispute has not been resolved within forty-five (45) days after the selection or designation of the mediator . . . the parties shall have the right to pursue resolution of the claim, dispute or controversy by any available legal proceedings in the County of Pinellas, State of Florida.

USA Flea Market did not dispute that it failed to attempt mediation first but argued, among other things, that paragraph 27.1 of the contract controlled the dispute. Paragraph 27.1 governs "Buyer's Default" and provides that

A.   If Buyer shall be in breach or default of any of the terms or conditions of this Agreement, then Seller shall give Buyer and Escrow Agent written notice specifying the nature of the default.

B.   Buyer shall have ten (10) days from receipt of Seller's notice of default within which to cure the specified default. If Buyer does not cure such default within said ten (10) day period or if such default is not waived in writing by Seller, then the Earnest Money Deposit shall be paid over to Seller[,] this Agreement shall automatically terminate[,] and Seller and Buyer shall have no further rights, duties or obligations hereunder except as expressly survive the termination hereof . . .

(emphasis added). Paragraph 27.3 specifies that "[t]he provisions of this Section 27 shall survive the termination of this Agreement." The contract does not state that the mediation provision survives termination of the contract. The district court determined that mediation was a condition precedent to filing a lawsuit and granted summary judgment to EVMC. This appeal ensued.

4

## II.  STANDARDS OF REVIEW

Two standards of review govern this appeal.  First, we review a summary judgment <u>de novo</u>, applying the same legal standard used by the district court. <u>Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.</u>, 483 F.3d 1265, 1268 (11th Cir. 2007).  Summary judgment is appropriate where "there is no genuine issue as to any material fact and [] the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Second, we review a decision to vacate an entry of default for an abuse of discretion.  <u>Gibbs v. Air Canada</u>, 810 F.2d 1529, 1537 (11th Cir. 1987).

## III.  DISCUSSION

USA Flea Market presents two issues on appeal.  The first issue is whether the district court erred when it granted summary judgment in favor of EVMC.  The second issue is whether the district court abused its discretion when it vacated the entry of default against EVMC.  We address each issue in turn.

*A.  Because a Genuine Issue of Material Fact Exists Regarding Whether the Mediation Provision Abated, Summary Judgment Was Erroneous.*

The district court concluded that EVMC was entitled to summary judgment because USA Flea Market admittedly did not attempt mediation before filing suit and failed to comply with what EVMC contends was a condition precedent to commencing a lawsuit for breach of contract.  We disagree.  The district court

5

overlooked a genuine issue of material fact.

USA Flea Market contends that, under paragraph 27.1, the contract terminated after EVMC defaulted, EVMC received notice of the default, and the default was not cured. USA Flea Market persuasively explains that, under the express terms of the default provision, the mediation provision does not survive termination of the contract. If the allegations of USA Flea Market, that EVMC defaulted, received notice of the default, and failed to cure the default, are true, the mediation provision abated upon the termination of the contract.

An issue of fact remains. EVMC disputes that it breached the contract and was in default. Because a genuine issue of material fact exists regarding whether EVMC was in default and the contract terminated, summary judgment was erroneous.

### B. The District Court Did Not Abuse Its Discretion When It Vacated the Entry of Default.

A district court can set aside an entry of default "[f]or good cause shown." Fed. R. Civ. P. 55(c). The district court determined that the failure of EVMC to respond in a timely manner to the complaint was not willful, EVMC acted promptly to vacate the default once counsel was obtained, a meritorious defense was asserted, and USA Flea Market would suffer no prejudice if the default was vacated. The district court did not abuse its discretion when it concluded that

6

"good cause" existed and vacated the entry of default.

## IV.  CONCLUSION

We affirm the order of the district court vacating the entry of default against EVMC and reverse the summary judgment in favor of EVMC.  We are without jurisdiction to consider the request of USA Flea Market, in the conclusion of its brief, that a later award of attorney's fees be set aside, because USA Flea Maket failed to file a notice of appeal of that order.

**AFFIRMED IN PART; REVERSED IN PART.**